All right, the next case is Milgram v. Chase Bank. All righty, we'll hear first from Mr. Shaming. Hopefully I said that correctly. If I didn't, I apologize. It looks like I didn't. Shamy. Shamy, thank you. I apologize. Closer than most. Good morning, your honors, and may it please the court. My name is David Shamy and I represent the appellant Shelly Milgram in this appeal. And I want to start with simply addressing what I think is a fundamental error in the district court's reasoning. And I think the reasoning seemed to be that simply because we have two cross motions for summary judgment, the district court found that there could not be any material disputed issues of fact that needed to be resolved and therefore ultimately led to her. It's not clear to me that she did, but to the extent that what she wrote could be construed that way, if that were the sole basis of the opinion, then I would agree with you. But I think we should probably move on to the merits. And I did not plan on spending much time on it. So I did want to address the initial investigation that was conducted by JPMorgan Chase in this Milgram right after the identity theft was what she believed was identity theft in May, late May of 2016. Chase at that point had nothing more than an allegation of identity theft. It had some internal notes that were clearly incorrect. We have the recordings which provided the court where one representative says, well, she's agreed that that's her account. But she's saying that the authorized user did the chart, made the charges. And I think that clouded and likely allowed Chase or allowed Chase to ultimately come to the incorrect conclusion, which is, well, it's her account. The authorized user made the charges and the payments came from an account that she was responsible for. And therefore, they decided since the payments came from that account, she was responsible and they would do nothing more. So I'm not sure that your brief fully grapples with the fact that Chase doesn't dispute the and use the Chase personal card. And in fact, Chase's response brief says Chase has never disputed plaintiff's contention that Williams opened and made payments on the Chase personal card without plaintiff's authorization. Really, it seems to me, and so correct me how I'm wrong, that you just are disputing with Chase's ultimate conclusion that understanding the facts, as you've told us, we are holding that there is apparent authority here, not actual, but apparent. And so she has responsibility for the account. And so it's a legal conclusion. Tell me where I'm wrong. Well, let's talk about that, because what Ms. Milgram disputes is the fact that fraud happened, that identity theft occurred. Chase in litigation, I would say, concocted this legal defense, this defense of apparent authority and this negligence on the part of Ms. Milgram. But even if that were true, it's a legal dispute created by the furnisher as opposed to by the consumer. The consumer is not disputing this negligence theory. The consumer is saying, I didn't open this account. It's opened by a fraudster, a criminal. I didn't make these charges. I didn't make the purchases, and I didn't make a promise to make the payments. Because what you are doing when you report a trade line on a consumer's credit report is you are not saying that they're liable for the debt. That's a different argument. What you're saying is they opened the account and they failed to keep their promises. Those are different things. And that's why Hinkle says, look, you're not, you're not, you can't credit report, but that doesn't mean you can't explore your legal theory of apparent authority and negligence on the part of Ms. Milgram. You can try to collect and you can take it to state court and sue her. Chase argues that Ms. Milgram was somehow bound to go to state court, but the burden of proof on who owed that debt in state court would be on Chase, not on the consumer. So tell me the factual dispute you think exists. Well, the factual dispute, I don't think there's a dispute. The first time ever hearing that Chase acknowledges that she was the victim of identity theft and they don't dispute it. The first I heard that is in their briefs, none of their witnesses ever said, we agree and we can see it. In fact, their 30B6 testified, well, she provided us a case number, but we don't know that was real. And I asked, did you look it up? It's publicly available. Did you confirm with the district attorney that there was prosecuting her? And this goes to the reasonableness of their investigation. In May of 2016, when they first learned of the direct dispute, they had no obligation to investigate. But the subsequent disputes, which were providing them updated information as it went from, now we are investigating her for the crime. Now we have charged her for the crime. Now we are prosecuting her for the crime. And now we have convicted her and she has pled guilty. Not only... So what should Chase have done? Obviously, Ms. Milgram is updating Chase every time this criminal prosecution is proceeding. Chase reviews the information and it doesn't change their conclusion. What should Chase have done that would have made it a reasonable investigation? Your Honor, I think there's a big difference between reviewing the information and investigating the information. So what should, what in an ideal world, so that you wouldn't have, you wouldn't have sued if Chase did what? Then it would be reasonable. Well, okay. Under these facts, identity theft is rampant in this country. What should Chase have done in this case? They should have confirmed that the identity theft occurred and verified that it occurred. And if they came to that conclusion, Your Honor, in this case, it would have been impossible for them to, in good faith, continue to credit report the trade line. Is there anything else they should have done? They, well, they should have sought restitution against the criminal, mitigated their own damages. Part of the reasonable investigation. Well, as far as I'm concerned, Your Honor, they could have, if, if they doubted Ms. Milgram and they're saying they didn't now, but that's the, again, the briefing is the first time they've said that. If they doubted Ms. Milgram, what they needed to do was test the veracity of her claims. They should have reached out to the attorney general. They could have gone, they're not doubting her claims. So they receive this information and they say, they look at it and say, yes, this person has been arrested. Yes. This person has been prosecuted. Yes. What else should they have done other than review the information that Ms. Milgram was sending Chase? Your Honor, if they come, if they confirmed and concluded that Ms. Milgram was the victim of identity theft, that Ms. Milgram did not open the account, they could not have continued to report the account on her credit report. It is, it is impossible. You're fighting their Chase's conclusion, but I'm trying to get at what you're saying. Chase did not conduct a reasonable investigation. What should Chase have done with the information that Ms. Milgram was sending Chase other than review it and say, yes, I agree. Doesn't change my conclusion. Your Honor, I don't think there's anything else they should have done other than confirming the identity theft was a legitimate claim. So, so here, here's the problem, right? As you know, in our circuit, the only, the only thing that you can, the only cause of they performed a reasonable investigation. They're not contesting that her identity was stolen. They're saying, yeah, it was stolen, but because the, because the card was paid from her accounts, there's apparent authority. Now, whether or not you agree that that's right is a different question than whether they conducted a reasonable investigation. And so our, our review is confined to whether they conducted a reasonable investigation. And so that's my concern here. How do we show that based on what you said, other than to disagree, if we do, with the ultimate opinion on it? The evidence in the record does not, at any point did they state it through the evidence that they ever did this reasonable investigation. They never acknowledged looking, looking into the online services to, I think it's Broward County to confirm that this case number was legitimate. Why do they need to, if they accept the documentation as true? But they never said they accepted the documentation as true. They could, they doubted the documentation and they said, we don't believe her or she was negligent either way. It's interesting to me that Chase can argue that we don't have a duty to conduct any type of legal investigation at the same time. That's exactly what they did. They made themselves judge, jury, and executioner. How can you, how can you determine as a matter of law that she's liable for the debt and then ask this court to find that they have no duty to conduct a legal investigation into this idea of apparent authority? That's exactly what they did. They did it on their own. And that's what creditors do each and every month when they credit report. They make legal determinations. There's an, sounds like you have a question. No, it's okay. I just, I wanted to give you a chance to address this. I'm wondering about on the statute of limitations issue. It seems to me like that provision is jurisdictional, but it also seems to me that every time that a new, that new information is submitted, there is a new obligation to conduct a reasonable dispute. In other words, that the claims that came within two years of your filing or the requests for additional information or consideration that came within two years of your filing, we have jurisdiction over and the others we don't. And that we have to decide this issue first because it seems to me that this is jurisdictional. I just wanted to give you an opportunity to address that. The reason I think it's jurisdictional is among other things. If you look at it, it appears in the same section as jurisdiction and it's a, it's titled jurisdiction and we've been told by the Supreme Court that these are some of the considerations that we look to in determining whether a statute of limitations provision is jurisdictional. Well, I think that this report got it right on the issue of the last three disputes that fell within the two year window were sufficient. I'm not disagreeing with that. I just wanted to give you a chance to address that. I don't disagree that the dispute that occurred more than two years prior to the lawsuit would fall outside of the court's jurisdiction with respect to the statute of limitations. But I'm not as concerned with that because the following three disputes were within the two year limit and they were not as Chase couches it as simply just restating the same thing. This is what happens in the real world. People have new information. In this case, a prosecution is ongoing and investigation is ongoing by law enforcement. And it would be impossible for Miss Milgram to have ever provided them with the most up to date conviction that didn't happen until 2018. So I do think, and I have, I know I have a few minutes for rebuttal. Ultimately the text of the statute is clear when they receive the dispute from the credit reporting agencies. If Chase can determine that the reporting is inaccurate or incomplete or unverifiable, they must block or delete the trade line. They can't continue to report it. And to allow a creditor to simply skirt that by saying, well, negligence, every time there's identity theft, there can be a claim of negligence on the part of the person who's had their identity stolen. We would, you're talking about millions of consumers who will have their credit destroyed simply because a furnisher says you were negligent. All right. Thank you, Mr. Shami. And you've reserved four minutes for rebuttal. We'll hear from Mr. Sandberg. Morning guys. Morning. Justice Sandberg. Chase invoked the legal doctrine, the doctrine of apparent authority to justify including contested information on Ms. Milgrom's consumer report. Now it serves to argue that legal questions cannot be considered when assessing the accuracy of the information on such a report. This hedge-by-win, tail-to-loose approach is inconsistent with the scheme of fair credit reporting, the FCRAs and stuff. Under that scheme, both issues of law and finance count. And this argument is supported, excuse me, by the text of the statute, the context of Can I ask you to address a question, an issue that just came up in the previous argument, which is Mr. Shami said that once Chase concluded or if it concluded that there was identity theft, that they had to stop reporting, even if they ultimately believed that Ms. Milgrom was liable. What do you say about that? Is that the reporting obligation? So, we have not taken a position ultimately on whether there was an accuracy or an inaccuracy in this case. Yeah, I'm just asking generally, I mean, when someone, I just don't know how this works, I guess, but if my credit report, when I look at that, are the debts that are reported on that, are they just merely saying that these are things that I opened? Are they also saying these are things that this guy has an obligation to pay? Does that make sense? Is that credit report making like a legal claim about my obligation to pay or is it literally just reporting that I opened the account? Yes, your honor. Again, this is not something we've taken a position on. I would point the court to the Hinkle case. The Hinkle case draws the distinction between reportability and liability and essentially says just because something is not reportable, that doesn't mean you can't try to recover it. But to sort of turn back to the sort of three pillars we see as supporting our argument in this case, the text, the context, and the gross decision, I'd like to first turn to the text. There's nothing in the text of the relevant provision that limits considerations of accuracy and the reasonable investigation requirement to factual accuracy. And that makes sense given the context that this comes up in, which is debt. Debt and credit are inherently legal concepts. And it would be somewhat unnatural to limit the investigation of these inherently legal concepts to purely their factual aspects. I guess I'd also next like to turn to the context of the statute. So here there's really three things we look to. One is that this provision involves furnishers. The second is that this would bring consistency to the law. And the third is that the actual legal line that the other side proposes would be difficult to administer. I'd like to turn first to the fact that this involves furnishers. Furnishers have a capacity to assess legal issues with regard to credit and debt. And indeed, Chase did here when it invoked the doctrine of apparent authority. This is something they do every day when making billing decisions and collection decisions. They assess the legality of this information regarding credit and debt. And in fact, courts have recognized, courts of appeals have recognized that furnishers have the capacity to do this. The Gross decision in the Ninth Circuit recognizes this as something well within the ken of furnishers to do. And the Denon case in the Seventh Circuit, in fact, lumped furnishers in with tribunals as being able to assess the legality of debt, but distinguishing them from CRAs in this regard. Second, I'd like to point out how this would bring consistency to the law. So this case involves an indirect dispute, which is a dispute that first goes to the credit reporting agency and then is directed to the furnisher. But with regard to direct disputes, those are disputes that go directly to the furnisher. They already have an obligation to assess the legal accuracy of the information they provide. Under the statutory provision and implementing regulation, which is 12 CFR 1022.41 and 43, it directs that accuracy in that context, in the context of a direct dispute, requires them to correctly assess the liability and the terms of the account and the information. So requiring it in the indirect context would just bring consistency to the law and make the, would eliminate any differential between whether dispute is direct or indirect. So it's not like they'd have to set up some new system for assessing accuracy in legal terms, given that this is something they already do for business reasons and something they already do in the direct dispute context. As we point out in the brief. Yeah, I think you're out of time, but let me ask you to address these cases from other circuits, which we relied on in a published decision in Hunt that just come sort of flat out say that the only thing that needs to be adequately investigated is our factual inaccuracies and not legal conclusions. But is there any way, one, I guess, are you asking us to distinguish those cases or are you asking us to create a split with those authorities? Well, I think the Chang decision is the one that this court relied on. It's unpublished Hunt decision with regard to furnishers. So there's, there's importantly. Yeah. Yeah. So answer that too. I mean, it isn't the statutory language the same. These are the furnishers and CRAs. The statutory language is the same. Okay. Then how would you get a different rule for them, you know? Because the context is different as Denon recognized and Gross recognized. Furnishers have a different capacity. They are not sort of, they're not asked to be like third party tribunals. This is their information. Is it because there's a different word too? I mean, it's like reinvestigation versus investigation. In other words, we might expect that somebody who's doing the initial investigation is going to be more thorough than someone who's doing the reinvestigation or vice versa. I don't know. Yeah. Your Honor, I don't know that we would rest it on that. I think we probably following the Denon case and the Gross case, I think you have to look at the capacity of furnishers. It's different. They are not sort of third parties to this debt. It's their information. They're reporting it. As Chase did here, they're making assessments. Does the apparent authority doctrine apply? Right. But I guess what I'm asking you isn't the fact that there are two different words used there along with the context. I mean, doesn't the fact that there are two different words used there align with the unique context of CRAs versus furnishers? The answer to her question is yes. Well, unfortunately, the government doesn't like it when I sort of freewheel. That's hard in an oral argument. Yeah, it is. Again, I haven't really thought that through completely, and it's not something we relied on our brief. We do really think that the different capacity is crucial, as other courts have recognized. I also say just parenthetically, we don't agree with the courts that have held that CRAs don't have an obligation. Just put that marker down to assess legality. But even if one agrees with those decisions, there is an important distinction in terms of the furnishers' capacity. I will say with regard to a split, I mean, there is already a split. The Ninth Circuit in Gross has said that with respect to this very provision, furnishers have an obligation to assess the legal accuracy of the information they provide, whereas I believe Chang came to the opposite conclusion. So there's already a split, and we think that the Chang decision, there's not much reasoning there, and we think it's incorrect. And the Gross decision points out the fact that the text supports the decision that there's no factual legal line, that the capacity of furnishers supports that, and the difficulty of administering the contrary test where you draw this factual legal line. Thank you. All right. Ms. Strickland. Good morning. May everyone see the board? There are three independent bases on which- Would you pull the microphone down to your- Absolutely. He's much taller than I am. There are three independent bases on which this court should affirm or may affirm the summary judgment in favor of Chase. Each one of them independently supports the order. And let me just say in advance that my comments are going to be focused on the reasonable investigation issue and then the statute of limitations issue. Amiki will be addressing the question of legal versus factual inaccuracy. I have some comments on it, happy to respond to questions, but Amiki will focus on that. Um, Chase would submit in the first instance that this court need go no further than the trial court's extremely detailed, factually-based conclusion that Chase conducted a reasonable investigation. Let me ask you just right off the bat. Okay. I'm correct in reading your brief that Chase is not disputing plaintiff's contention, and I'm reading directly from your brief, that Williams opened, used, and made payments on Chase's personal card without plaintiff's authorization, correct? Chase has never disputed that. Okay, so Chase acknowledges that Milgram, Ms. Milgram, is the victim of identity theft. Chase assumed throughout its investigation that Ms. Milgram was potentially the victim of identity theft. Okay, so walk me through, let's step back from Ms. Milgram's situation, that any member of the public is reporting to Chase as there's a Chase account, hey, I never opened this account, I'm the victim of identity theft. How is it not sort of flying in the face of the statute to conduct a reasonable investigation to go, we acknowledge you're a victim of identity theft, but that's, you know, we accept the factual issues that you've brought to us, but we are reaching a different legal conclusion, and we are saying you are still responsible. So Chase could just start saying, doesn't matter, we're still holding you responsible, and we're still reporting it to a credit agency. How do you pull apart the factual determination and the legal determination without flying in the face of the statute? Okay, there are many questions embedded in Your Honor's question. Let me take them from the top. First is that Chase is responsible for conducting a reasonable investigation. It is not responsible for reaching the definitive legal conclusion. And I think one of the headlines here is that Chase investigates, it comes to a reasonable conclusion, but it is not an adjudicatory body. So that's a very important theme in all of this. Identity theft. But then, I'm sorry to interrupt, but how then could Ms. Milgram challenge your legal determination? Very simply, she can bring a lawsuit against Chase. And this is... What would the cause of action be? The cause of action would be, for example, declaratory relief. And doesn't there need to be an underlying basis since the declaratory judgment statute doesn't give you a cause of action in and of itself? The underlying basis could be that Chase breached its contract. But she didn't have a contract for the personal credit card. Well, that's a fact, right? There's no credit. Do you all, in the record, is there anything that shows that Ms. Milgram signed a contract with Chase? Well, there's no signing of contracts here, but that she's a party to a contract. But what is in the record? Can you point to that shows that she is a party to the personal card that Ms. Williams took out? This goes to the apparent authority question. And so, that's a very fundamental question here, right? Which is, if there was apparent authority, then she would, in fact, be bound by the card agreement. But putting that aside, she could also bring, for example, a lawsuit against Ms. Williams for misappropriation. How does that help her credit? I mean, the problem here, yes, part of the problem is that you say she owes $30,000. But the problem is the collateral effect of that on her credit, right? Because you say she owes $30,000, she can't get credit. Or if she does, it's in worse terms. And so, even if she sues Ms. Williams for the money, that doesn't take care of the problem. She can actually submit a, she can ask that the credit file be notated with respect to the dispute and explain the nature of the dispute. So, there are many ways in which she can address this. And in fact, in this lawsuit, she brought other claims that it turns out were barred by the statute of limitations. But she did, in fact, bring affirmative claims against Chase that were resolved based on the limitations period. But let me turn back to the question about the reasonable investigation when somebody claims identity theft. Identity theft, as I began to say, comes in all shapes and sizes. There are situations of what I would call very pure identity theft, right? Which is somebody somehow online gets your identity and steals it. It's not a person known to you. That's not the situation. And this goes back to the question of the reasonable investigation. The cases are quite clear from this circuit and elsewhere that the reasonable investigation standard is driven by the facts of each case. And here the court made very detailed factual findings based on a very thorough evidentiary record with respect to what Chase did, including speaking to Ms. Milgram on multiple occasions. Following, I'm sorry. Let me ask you a question about that. So, there's one. So, this is a summary judgment, right? So, everything should be taken in favor of Ms. Milgram. But there's a line in the district court's opinion that's really bothering me. It's on page six. I'll just read it to you. It says, Chase, on June 17th, 2016, Chase explained to Milgram in a phone call that although Milgram's employee, Williams, had opened the card, Williams did so under Milgram's supervision and that because two years' worth of payments on the card came from Yolo Interior's bank account, which Milgram controlled, Chase determined that Milgram was responsible for the debt on the Chase card. The citation for this is Chase. And then there's also a but-see citation to Ms. Milgram's evidentiary materials, disputing that Chase elaborated on its reasons to hold Milgram accountable for the credit card. Isn't that just a factual dispute that the district court took in your favor instead of Milgram's favor? I would disagree with that, Your Honor. For one thing, opposing counsel concedes that there's no factual dispute. Well, he argues his first point in the brief is that there's, do we need to have a jury trial because there are factual disputes? Let's just assume that that, let's just assume that I'm very troubled by the fact that the district court is citing in a summary judgment order your facts and then not even just ignoring their facts, but then saying, oh, yeah, by the way, the thing I just said has disputed by them. I think you have to take the district court's one sentence in the context of the fact that the district court goes on for pages and pages. In its opinion, I believe it's at pages 22 and 23 in the greatest. Well, then let me ask you this just in a different way. I mean, the way I understand it, correct me if I'm wrong. The way I understand it is Chase says, Chase's witnesses say that they had a phone call with Miss Milgram and said, look, we get it. Your employee stole your identity and opened these cards. We've determined that you're still responsible, that Chase says that. But Miss Milgram says, as her counsel said today, that has never been explained to me at all. No one ever said that. This is purely a litigation position by Chase. And the record is completely contrary to that. In fact, there are notes which are cited in the record, the computerized record, the C3 system notes that validate that conversation with Miss Milgram happened. But regardless, the record is clear that this was actually the basis for Chase's decision consistently, and that's consistent with the apparent authority cases. The other thing I think you're asking, and let me try to respond to it, is from the very beginning, Chase's decision as to whether it is more likely than not that Miss Milgram was responsible for payment here. Again, Chase is not an adjudicatory body, but they have to reach the best decision they can based on their reasonable investigation, which here included, and the record is absolutely clear on this, looking at everything Miss Milgram sent, speaking to Miss Milgram on the phone, looking at the entire account history, looking at the payment history. And it's that payment history, consistent with the apparent authority case law, that drove them to the conclusion that it was more likely than not, reasonably, that Miss Milgram would be responsible for the account. And in fact, Mr. Nolte, who was the Chase PMK, testified that as part of the investigation process, they do work off a legal liability checklist. And he said that they looked at that legal liability checklist from the very beginning. So this wasn't something that was a litigation position. I will say that Mr. Nolte is not a lawyer. Chase does not have lawyers adjudicate credit reporting disputes. But then how can you, I mean, it seems like you're speaking out of both sides of your mouth, right? Because on the one hand, you're saying it's a legal dispute, it's insulated. That, I mean, whether that's true or not is a different matter as to whether it's insulated if it's a legal dispute and whether it is a legal dispute. But on the other hand, you're saying, well, you know, we didn't have a lawyer make the decision. No, what actually I am saying is that the legal liability checklist and the investigation itself embeds the factual elements to making a decision as to liability. Not adjudicating liability, but the factual elements that inform a reasonable investigation. And those elements are in that liability checklist, which the testimony is clear was followed from the beginning. The decision here that it was more likely than not that Ms. Milgrom was responsible for this account is consistent with the case law. I mean, Azure and Minskoff and DPI, all of which are addressed. There's something very troubling. I mean, really, there's something very troubling about this case. You know, there is a guilty plea here. There is an order from the court on Ms. Williams. I mean, there's really no question that Ms. Williams stole the identity of the plaintiff here. And, you know, there's no question that the plaintiff wasn't involved. I mean, it's been as a factual matter that has been established. And yet, she's still having this huge thing, $30,000 affect her credit. And it's because a non-lawyer at Chase decided that as a legal matter, she is responsible for it. I mean, isn't that troubling in some way to you? It's not troubling on the facts here. And the facts here are what drives the conclusion. This was an employee who was a convicted felon, who Ms. Milgrom didn't research before. Let me assume that it's not troubling on these facts to you. But the magic words here are on these facts, right? And the problem is what distinguishes this situation from the situation where a credit card company just says, well, there's a parent authority. And so she's responsible. And maybe it's just a month's worth of payments in a similar situation. I mean, you're not telling us any way that if we say this is a legal dispute and therefore it's not reviewable, then there's no distinction between those two situations under the act, right? I mean, that's the problem. I would actually disagree with your own respect to that conclusion, which is Chase was obligated to conduct a reasonable investigation. The reasonable investigation depends on the facts. We are not taking the position here that there was no obligation to conduct an investigation. Never has Chase taken that position. The CFPB would like the court to- Okay. But that's your second position. I mean, you started this off by saying there were independent reasons why you win. And one of the reasons, I believe, was you said, because this is a legal dispute, not a factual dispute. So I'm trying to explore that a little bit with you. And I would like to understand exactly. We didn't get to the legal dispute until we did the factual investigation. This may be a mixed law and fact situation. That does come up. I understand your honor's concern about in an identity theft case where there's a complete third party involved, not known to the plaintiff, where your concern could be troubling. But that's not the situation here. And the reasonable investigation standard is completely fact-driven. And you look through the investigation at the facts, which then may lead to what I would call, frankly, a quasi-legal decision. But here, the decision-making is, in fact, informed by the factors that would go to the question of apparent authority. This is not a third party. The record here is replete with the fact that there were payments made over multiple years from accounts that Ms. Milgram allowed Ms. Williams to control. It fits squarely within the cases on apparent authority. I would submit that if this case were actually litigated on apparent authority, which is not the question here, Chase doesn't have to find liability. It has to find more likely than not, essentially, through a reasonable investigation. I would submit, though, based on those authorities, that there would, in fact, be a finding of apparent authority. Those cases are right on point. Yeah, so your position is even if we adopted the Ninth Circuit's rule, you would win under the Ninth Circuit's rule, right? That is correct. I'm going to let Amiki address the Ninth Circuit's rule, which I don't actually believe, if Rose says what. Let me ask, I'm sorry. Well, no, just in looking at the reasonable investigation, how does it not cut against your claim that there was a reasonable investigation when we do have the identity theft by Ms. Williams and Chase didn't hold Ms. Milgram responsible for the Chase business card that Ms. Williams took out, but is holding Ms. Milgram responsible for the personal card? So again, this is addressed in the record, but the Chase business card is a different situation entirely. First of all, it was investigated by a different team. It was a transactionally based investigation, and with respect to the business card, that was, in fact, Ms. Milgram's account, and she acknowledged it. So there was a completely different lens through which that was reviewed. And again, transactionally based. She didn't challenge that it was her account. I see. So just so I understand, you're saying that in that situation, she challenged these transactions were fraudulent, not this account is fraudulent. Exactly. And the decision was made on a transactional basis, a very different view in terms of how- Can I ask you to explain or comment on something that Mr. Shammi said? So he said, I didn't get much help from the CFPB on this. So he said that if Chase were to conclude that this account was not opened by the person who was being, you know, reporting on, that that's enough. That basically, the credit report, your sort of credit report obligations are just, was this account opened by this person? You know, is the number right? And not anything about liability or sort of responsibility. What do you say about that? The reporting isn't actually of liability. The reporting is of the amount of the debt. So it's not a liability finding per se, it's the amount of the debt, which I think is the question that you were asking about. But if the account was not opened, which is I think part of your question, it's the same issue, which is, was it open? Wasn't it open? Was there authority? Wasn't there authority? What are the facts surrounding the particular circumstances here? All right. Thank you very much. Thank you very much. Ms. Ratner. Thank you, Your Honor. It please the court, Morgan Ratner for the U.S. Chamber of Commerce and the private amici. As was mentioned, I'd like to focus on the threshold question of whether there was any inaccuracy here. I think I can clean up one record thing for the court, and then I want to make three points about the text of the statute, this court's precedents, and how this would actually work in practice. Just to clean up a record issue, I think there are some questions about was this actually a post hoc rationalization or is this actually a legal dispute at the time of the investigation? The easiest way for the court to put this to bed is looking at Ms. Milgram's reply in her statement brief. The very first page lays out the bullet points of what she believed were the undisputed facts and included Chase has never disputed that there was identity theft. And if we actually look at what its decision was based on, it was solely based on its view of apparent authority. So I think if you look there, you can just get to the point that this has been a legal dispute throughout. Now, on that point, we don't think that legal disputes can qualify as cognizable inaccuracies under the FCRA. And I do want to start with a question about furnishers and consumer reporting agencies, because there's really no plausible textual distinction between the two. If you look at 1681 S2B, which is, sorry for all the letters, but the provision that we're in here for indirect disputes. For starters, that's what this court has called a component of the CRA's own reinvestigation requirements. So we're talking about a sub part of what the CRA has to be doing. It would be very strange for accuracy to mean one thing for the overarching investigation and something else for a component of it. But a reinvestigation by the credit reporting agency. Obviously, the furnisher is in a much better position to conduct the investigation in the first place. It's the one who has the transaction with the consumer. It's the one who has the direct communications with the consumer about all of these things. And it has at its fingertips whatever it was that occurred with that particular furnisher. The credit reporting agency just doesn't have that. Credit reporting agency has to rely on what's sent to it or told to it by the furnisher, right? So like, and the term investigation versus reinvestigation seems to me to be slightly different. So, I mean, why wouldn't it be that we would expect that there would be different, slightly different obligations given the context and the reality of the situation and the difference between the use of the word investigation and reinvestigation? So, Judge Rosenbaum, I think you're right that there are differences, but they cash out on the reasonable investigation prong. That's what this court has said in cases like Hinkle. We expect a furnisher to do more when this is a reasonable investigation issue. But when we're talking about the threshold question of whether it's an inaccuracy that's cognizable under the FCRA, there's really no textual distinction there. And in fact, in addition to what I just said about the fact that this is sort of a component of the CRA's reinvestigation, there's also an express cross-reference in 1681 S2 P1, again, sorry, that says, after receiving notice pursuant to 1681 I A2 of a dispute with respect to completeness. So that, again, the furnisher's responsibility here is directly linked to what the CRA has to do. And so that leads me to this court's precedents, which we haven't talked a whole lot about yet. But I'm sorry, before we get there. So your friends on the other side have expressed concern that drawing a line, among other concerns, drawing a line between factual and legal matters can become kind of sloppy and the line can be blurry. And so maybe you want to address that. I'm wondering why we shouldn't just, you know, have a straight up bright line situation where, you know, anything that appears in the credit report is considered to a certain extent a factual question. Yeah. So for a couple of reasons, you know, for starters, this court drew that line 33, 32 years ago in the Callen case with respect to consumer reporting agencies. And so that has been the lay of the land nearly unanimously, with the exception of this not recent Ninth Circuit decision in Gross, for three decades. And there really has been no trouble implementing it. The Bureau points to a 14-year-old New Hampshire district court decision that said, I have a sort of a hard edge case here, and a recent Seventh Circuit decision in which all of the district courts that were being reviewed reached the same result. So this is not a circumstance in which this is a new test or something that has been terribly difficult to implement in practice. I think, if anything, the court just needs to take a little baby step. It's already said this is the rule for, in a published opinion, said this is the rule for consumer reporting agencies. In an unpublished opinion, it said this is also the rule for furnishers. In a published opinion, in Hinkle, about furnishers, it's cited that same rule, albeit in dicta there. And so we're really asking people to fill in that tiny little gap that is left there. I think if there are practical problems, it really comes on the other side of things. And this is, to some degree, responding to your question, Judge Brasher, of what exactly a furnisher is supposed to do here. The Bureau suggests that maybe you don't need to come to a conclusion, a legal dispute, on something like that. But the statute gives specific endpoints to an investigation. You have to verify something is accurate. You have to determine that it is inaccurate. Or you have to conclude that it cannot be verified. So you have to come to a result. I don't know if there's a legal dispute what you're supposed to do. And the Bureau has never said. I guess maybe any time you think I'm more likely to win this legal case than not, but the other side has some precedent, do you have to deem that cannot be verified and remove it from the credit report? That can't possibly be what Congress intended. And that would be inconsistent with what this Court warned in Callan, which was don't shade everything in the consumer's favor. I just finally want to address your point, Judge Rosenbaum, about other options. I think there are two. I do think a declaratory judgment action is available here. I think this would satisfy standards for seeking a declaratory judgment, even in the absence of an express contractual provision, when you have another party saying, this person owes me this debt. And I'm sort of reporting it through these channels. Can I ask you this? So I think Judge Rosenbaum raised a question about how the problem here is not necessarily whether she owes the money or not. It's the effect of her credit of this report. I think you make a concession. I know they make a concession in their brief that basically if a judge had granted her a declaratory judgment that she doesn't owe this debt, then it would come off her credit report. Why? Under your rule, you could just say, well, she still owes the debt as a legal matter. That's still our legal position. Yeah, this court, this court in Loesch, the Second Circuit recently in the major decision on which of the parties filed 28J letters, have all taken a much more practical approach that once a debt is finally adjudicated to be unenforceable, then reporting you owe me this money is just factually inaccurate at that point. And that seems to be a pretty settled common sense approach that courts have. Is that just to go to the fact law distinction? That's still a legal question, right? I mean, people don't follow judgments all the time. You know, they dispute the judgment. They appeal the judgment. I mean, that happens all the time. I guess in some very vague sense. But again, this court in Loesch took a more practical position. The Seventh Circuit recently said that in the Chalumbat case that we cite that says, don't get wrapped around the axle here on whether it's formally legal or formally factual. The question is, are you fighting about the facts on this credit report, or do you have a legal dispute that a court or an arbitrator should decide in the first instance? So we, so last question for me. So on the Ninth Circuit case, what's your best pitch for we can distinguish that case and not just split with the Ninth Circuit? So to be clear, I think that the Gross decision has some language that's flatly wrong. It's already split with the First Circuit. It's split with this court's decision in Hunt, although unpublished. And I don't think it's reconcilable with the statutory text to draw a line between the two. That said, I think the court probably didn't need, the Gross court probably didn't need to go on and make comments about legal or factual inaccuracy because it had already concluded that the parties weren't really fighting about whether a debt was owed anymore. And it was closer to the situation we just talked about where that there'd been a determination that the debt wasn't owed and it was not accurate. So if, so if, for example, let's say that Chase, let's say, I don't know how this would happen, but it's hypothetical. So let's just pretend. So Chase has, you know, a team of people who investigate these disputes. There's a lawyer on the team. The lawyer looks at the, you know, the documents and says, oh yeah, there's no way we can collect this debt. And yet Chase continues to report the debt. Would that be a factual inaccuracy or would that be a legal inaccuracy? It depends on the basis for why they continue to report it. So if the record- Because they're just stupid. They just made a mistake, right? Their own employees said we shouldn't report this, but you know, they just did anyway. Yeah. I mean, I guess if the record were clear that they were continuing to report something on factual misapprehension or something like that, then yes, it would go in the factual bucket. But I think- What's the, you know, what's the distinction? I guess, once again, I'm just trying to figure out kind of what's the distinction. You know, it's still a, it's still a legal position. And they could come in court and say, look, it's Chase's legal position that they owe that debt. We realize that our lawyer, you know, he's not very good, right? And they could say, like, we've got better lawyers now. Our legal position now is that she continues to owe the debt. What makes it, I guess, how, what makes that factual instead of legal? I guess I was assuming in your hypothetical that they were not excluding it for legal purposes then, that they were excluding for other factual- Yeah, I mean, no, no. They're just, they just made a mistake. Their guy who investigated this, everybody who investigated it determined that she did not owe the debt, but yet Chase reported it anyway. But it turns out they have, you know, they have a decent argument that she does owe the debt. So they just make it. So this relates to the question I was trying to sort of forestall with my initial point about the record, which is it would open up a question in that instance, whether, how to think of a post hoc rationalization. Do we ask whether it was a factual or legal dispute at the time of the investigation and the verification? Or do we ask now when somebody is in court fighting about it? I think there are reasonable arguments that it would be at the time of the investigation, but no court has ever needed to parse those two things apart. And I don't think you need to here in light of this state of the record. All right, thank you, Ms. Ratner. And Mr. Chami, you've reserved four minutes for rebuttal. Thank you. There's so much to unpack there. I'm gonna, I'm gonna just start with one of the comments, which is that Chase never disputed the ID theft. That's true. They have never acknowledged it either. They never said there's an ID theft or isn't an ID theft. They just never addressed it. And I think counsel, both counsel, they're telling you we don't dispute it. And then counsel for Chase, I think the strict one said, well, maybe there's a contract. We don't really know that hasn't really been determined. Again, there's one foot in, one foot out, whether they're challenging identity theft or not. And the reality is a comment also with me regarding this checklist by Mr. Nolte. He testified, the representative testified, oh, there's this checklist. The payments were made from the account. Then we find the person liable. That was a predetermined, predetermination. They made it long before she ever disputed with the credit reporting agencies, long before they had any information to suggest, well, that isn't enough. Yes, we understand. Initially, we looked at, say, for our payment team, but then what do you do when you get new information? Like there was identity theft. Yes, there was an account takeover of this bank account. Ms. Milgram didn't make those payments. She got restitution for those stolen payments that were made from her business account, not her personal account, that were made from that account to make those payments. Chase never took any of that into consideration. And they admitted, we relied on our initial determination. Payments were made, checklist. There's never a discussion of whether the identity theft was considered, acknowledged, admitted. And that's, I think, where we're going a little too far, where we're saying, let's say they conceded. Well, they conceded now because it suits their argument. They've never once conceded it. They never once said, we investigated her claim of identity theft. All they've ever said in their briefing is, we weren't into disputes. We could confirm the account name, identity, social security number, date of birth. That's it. We reviewed. Review is not investigate. There is a difference. And the court was required to give us the benefit of the doubt on this determination, the most factual determinations of whether they actually reasonably investigated the claim of identity. They can admit it in their summary judgment approach. They can admit it on appeal. But there's nothing in the record where they say, we admit it. And it's disputed. So that to me is the biggest issue. The only other thing I really want to touch on in my rebuttal is, that Chase claims to not be an adjudicatory body, yet they literally are adjudicating liability internally and holding people responsible for debts that they know they could never get a dollar off in this meeting unless they walk in this room and a judgment is made. Chase had the ability to see, and they chose not to. Why? Because they knew what the outcome would have been. For three years, they did nothing. And the accounts needed to be collected. Now, when Chase says, we're reporting an account on their own, I want to address this, John, because you brought it up to the press here. If any of your honors were to apply for a mortgage today, it would show up on your credit report that you opened up a mortgage on April 27th, 2023, for $500,000. And you promised to make payments, mortgages, car loans, credit cards, personal loans, student loans, those are consensual liens, not liens brought upon by court, by negligence. That's what Chase is claiming, that she was negligent in the maintenance and the security of her personal information. And therefore, she's liable for these debts. When you report something on a credit report, you're saying something different. You're saying you opened it, you promised to pay, you made charges and you didn't pay. If they would have gone into state and you received a judgment, there is a separate part of the credit report. It reports public records. It is for these types of debts, debts like I got into a car accident, I didn't pay the third party insurance company who filed this obligation claim against me and they sued me. That could never be a trade line on my credit report. It could be in the public records section of the civil judgment. But what we can't allow is creditors or people who you owe money to, who you owe it in court, to just simply place stuff on a new credit report. They have to go into court because it is their burden to prove you owe that debt. It is not the consumer's obligation. Most consumers, these are not- You know, the problem is, it's not clear that the statute is a good fit for what... I don't disagree with anything you've said as far as this isn't right, it's not fair, whatever. The problem is we have to follow what the statutory cause of action is here and that's what we're limited to. And the only cause of action is for whether they conducted a reasonable investigation, not for the conclusion that they reached based on the investigation. I don't disagree that if you interpret it that way, that's not an unreasonable way to look at it. That's the problem though, right? Because that's what our precedent says we have to do. But there is no evidence they conducted a reasonable investigation. They're just their statements that they conducted a reasonable investigation. They've put forth no evidence that they ever investigated the ID theft at all. That is required. They're saying they acknowledged it, but then they're saying we relied on this predetermined checklist. So how could you have ever really investigated and why would you investigate identity theft if it didn't matter? If you had already made your decision based on the payments, which by the way were made in June of 2016 before their investigative duties arose, before the disputes through credit reporting agencies, they had no obligation. But how, I understand what you're saying, but how would this, I mean, how would they reasonably investigate whether there was apparent authority? I mean, that's what their conclusion is. Well, Your Honor, so first off, there's a number of ways to investigate apparent authority. I mean, if you're going to create a, Hunt was a situation where the consumer created a legal dispute, made a legal argument saying you foreclosed, you started foreclosure proceedings, you can't report me as late. That's a consumer created the acceleration clause. It was a consumer created legal dispute. This is an unpublished opinion, but that's not what we have here. Here we have the furnisher creating the legal dispute, creating the legal framework to insulate it from its obligations. That can't be, first of all, what the statute intended, but we also don't know because we have no evidence in the record whether Chase would have come to a different conclusion had they received the court's order as part of an indirect dispute saying this was identity theft and had they actually confirmed it. Maybe they would have come to a different conclusion. It's easy for them to say, it wouldn't have changed anything. It's easy to say that now, but there's nothing in the record that says we actually considered the court's order. We actually looked at it and determined despite the fact that somebody's in prison for this, despite the fact that somebody was convicted of defrauding Chase, Ms. Williams was convicted of fraud against the financial institution as well as the crimes against Ms. Milgram. Nobody ever took those into consideration. Okay. Thank you very much. All right. Our last case is.